Frost, J.
dissenting. It was held, by the Circuit Judge, that a person, resident in the jurisdiction, can be made a party to proceedings in partition, before the Ordinary, only by service of process by the sheriff; or by some disinterested person; or by confession on the record. And that service of the summons by the applicant, is illegal; and a judgment, rendered on such service, void; and cannot be made valid by the testimony of witnesses, that they saw the defendant in the office of the Ordinary, the day the order for sale was made. In reversing the Circuit decision, it must be affirmed that the summons to the defendant may be served by the applicant; and that his oath is sufficient evidence of the service ; or if not, that one may be made a party to proceedings for partition, by parol evidence.
By the Act of 1824, 3 sect. 6 Slat. 248, the summons for partition by the Ordinary must be served “ by the sheriff,” or “ by any disinterested person,” “ or may be consented to, by a written acceptance of the parties interested, indorsed, by the Ordinary, on the original summons.” The Act of 1839, 27 sect. p. 45,11 Stat. requires that persons interested in a partition, shall be made parties in the same manner as is provided, by the Act, in the proceeding to prove a will in solemn form. The 11 sect. p. 41, requires all persons having an interest for or against the probate of the will, who may be in the State, to be cited “ by personal notice.” No precise mode of citing the persons, so interested, is expressly provided. In the 21 sect, p 43, which directs how witnesses shall be sum- *113 luoned, a general direction is introduced that “ it shall be the duty of the sheriff to serve all process, issued from the Court of Ordinary, in the same manner as other process is served by him.” And in the 27 sect. p. 45, the Ordinary is empowered “ on the return of the original summons, served, accepted, or consented to,” to proceed and determine the matter.
2 McC. 470; _ 1 ai ’ 2 Rich, 594
It is not necessary to settle the proper construction and effect of these enactments. If the Act of 1839 be obscure or defective, the most obvious authority, to aid or supply its imperfection, is the Act of 1824. But it is sufficient for this case, that service by the applicant, himself, is not declared to be legal and sufficient. Such service can then only be held sufficient by the rules of the common law.
It is a maxim of the common law, resting on the most obvious and stable principles of justice, that a party cannot testify in his own cause. The minutest pecuniary interest in the issue is sufficient to exclude the testimony of a witness; and yet in this case it is held that the plaintiff may, by his own act, charge the defendant; and by his owii affidavit supply the evidence necessary to the recovery of a judgment. In May v Walter, it was held that a sheriff cannot, even by his own deputy, serve a writ in his own case. In Singletary v. Carter, a levy made by a deputy sheriff under an execution in which he was plaintiff, was ruled to be void j and that a sale, made under such levy, vested no title in the purchaser. Colcock, J, takes the broad ground that no officer who is interested in a suit shall serve any process appertaining to it, from the beginning to the conclusion. The reasoning of the judge applies as well to a private person as to an officer. He says the common law has been eulogised as a system of reason and justice; and asks whether a proposition can be stated, which would be more universally concurred in, than that no officer should be permitted to act in his own case.
3 Chit. Geni. Prac. 262, and other authorities have been cited to shew that process may be served by a party; but on referring to them it will be found that the practice rests on British statutes not of force in this State.
If the service of the summons on the defendant by the plaintiff be illegal, then it appears, on the face of the proceedings, that the defendant was not a party to them. Can he be made a party by the testimony of witnesses that they saw him in the Ordinary’s office, the day the summons was returned 7 In Gates v. Trick, it was held that an order for the sale of land, by the Ordinary, in partition, is final and conclusive, and estops the parties from asserting, against a purchaser under the order, any claim or title which might have been put in issue in the proceeding for partition. Such evidence would then create an estoppel by parol; which has no precedent or analogy in the law. A judgment imports the *114 highest certainty and obligation. It proves itself, and can be prove(j by no other evidence.- How does it comport with these attributes that its validity may depend on the uncertain and contradictory testimony of witnesses, respecting the presence of the defendant in Court, on a certain day 1 In Marshall v. Drayton, it was directly adjudged that “ no person can be made a defendant in a cause, except by process of the law, or by his own consent. The assent of the defendant to be made a party is inferred from his entering an appearance or pleading to an action, although the process with which he has been served be irregular; and although, indeed, no process be served on him. But it is apprehended that there is no case in which it will be inferred from a mere verbal assent; even if such assent be fully proved. It results, therefore, that it must be by matter of record.”
2N- c|6McC-
Tidd 474 ' '
It is necessary to attend to the distinction between irregularities by which a judgment is voidable merely, and such defects as make it void. Irregularity consists in a want of adherence to some prescribed rule or mode of proceeding, either in the omitting to do something that is necessary to the due and orderly conduct of the suit, or doing it an unseasonable or improper manner. A judgment, voidable for irregularity, can be set aside only by a party, on a proceeding instituted for that purpose; and until it be set aside, the sheriff may justify under it, and the purchaser acquires a good title. But all acts done under a void judgment are illegal, and all persons concerned in the act are trespassers. No title can be acquired under it. A judgment rendered without jurisdiction is void; and the objection may be taken in an action brought by one who claims title under the judgment. Jurisdiction can be acquired, in the case of one resident in the State, only by the service of process, notifying him to appear and defend the action. It is admitted that the judgment of a Court of competent jurisdiction is supported by the presumption that every thing necessary to its validity has been done. This presumption will supply all apparent irregularities. But it is a maxim of law that “ presumptio stat donee probitur in con-trarium.” If it appears by the record that the Court has not jurisdiction, presumptio cedit veritati. A judgment against A is binding though any or every part of the proceedings may be wanting; on the presumption that the Court would not illegally have rendered it. But a judgment against A and B on proceedings against A only, would be clearly void against B, because it appears, by the record, B was not a party ; and the objection could not be obviated by evidence that B was seen in the Court house the day the verdict was rendered. Mashall v. Drayton.
If then the service of the summons by the applicant was illegal, and cannot be validated by proof of the defendant’s pre *115 sence in the Court of Ordinary, the judgment is void for want of jurisdiction, apparent on the record, so far as the defendant is concerned, and the plaintiff acquired no title, against him, by his purchase under the order for sale.